**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SAGRADA PAULINO,**

    **Plaintiff,**

v.                                                                       Case No.  8:13-cv-1950-T-30MAP

**BALBOA INSURANCE COMPANY,**

    **Defendant.**
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant Balboa Insurance Company's Motion to Dismiss (Dkt. 6) and Plaintiff Sagrada Paulino's Response in Opposition (Dkt. 10). The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiff Sagrada Paulino alleges a breach of contract claim and a declaratory judgment claim against Defendant Balboa Insurance Company related to a lender-placed policy of insurance. Count I of the complaint alleges a breach of contract claim for Balboa's failure to pay damages related to loss and damage to the subject property arising from sinkhole activity, a covered loss. Count II, the declaratory judgment claim, relates to Balboa's position that it will pay for subsurface repairs and cosmetic repairs in accordance with its retained expert's recommendations. Specifically, Paulino alleges that Balboa's retained geotechnical engineering firm failed to comply with industry standards when it

completed its evaluation of the damage to the subject property. Paulino retained her own expert who determined that the replacement cost value assessed by Balboa's expert was inadequate. Paulino seeks a declaration from this Court that determines, in part, the extent of Balboa's obligation to meaningfully consult with Paulino on the selection of the expert to perform subsidence testing and remediation recommendations.

Balboa moves to dismiss both claims under Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations."

## DISCUSSION

**I.     The Breach of Contract Claim**

Balboa argues that Paulino does not have third-party standing to assert her breach of contract claim because the subject policy was placed with the lender. The Court denies this portion of Balboa's motion for the same reasons stated in this Court's ruling in *Victor Cala v. Balboa Insurance Company* and the cases cited therein. *See* No. 8:13-cv-1596-JSM-TGW, Dkt. 12 (M.D. Fla. Aug. 29, 2013) (Moody, J.).

## II.   The Declaratory Judgment Claim

Balboa argues that Paulino does not allege sufficient facts to establish a federal declaratory judgment claim.  Balboa also argues that this claim is superfluous because it is subsumed by the breach of contract claim.  At this stage, the Court disagrees. Paulino alleges an actual controversy, to wit, is she bound by Balboa's expert to determine the extent of the damages?  Balboa claims yes; Paulino claims that her expert's recommendations should apply, or, in the alternative, Balboa should have consulted with Paulino on the expert's selection.  This issue is not subsumed by the breach of contract claim because it must be separately determined before the extent of any breach can be determined.  In other words, the extent of Balboa's obligation under the subject policy to meaningfully consult with Paulino in the selection of the expert is a separate issue from the issue of whether Balboa breached the subject policy by failing to pay damages.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Balboa Insurance Company's Motion to Dismiss (Dkt. 6) is denied.
2. Defendant shall file an answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on September 10, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-1950.mtdismiss.frm